1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

AMERANTH, INC.

Case No. 12-cv-2350-IEG (BGS)

11

                    Plaintiff,

12

**PROTECTIVE ORDER**

13

          v.

**[Doc No. 27]**

14

APPLE, INC.,

15
16

                    Defendant.

17
18
19
20
21
22
23
24
25
26
27
28

---

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

Plaintiff Ameranth, Inc. ("Plaintiff") and Defendant Apple, Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

## 1.   **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.   **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible

things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)   "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff (including contract attorneys or paralegals) of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)   "Patents-in-suit" means U.S. Patent No. U.S. Patent No. 6,384,850 (the "'850 patent"), U.S. Patent No. 6,871,325 (the "'325 patent"), U.S. Patent No. 6,982,733 (the "'733 patent"), and U.S. Patent No. 8,146,077 (the "'077 patent"), and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)   "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)   "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)   "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)   "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and

descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

**3.     COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.     SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

1

## 5.   **DURATION**

2   Even after the termination of this case, the confidentiality obligations

3   imposed by this Order shall remain in effect until a Producing Party agrees

4   otherwise in writing or a court order otherwise directs.

5   ## 6.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

6   (a)   Basic Principles.  All Protected Material shall be used solely for this

7   case or any related appellate proceeding, and not for any other purpose

8   whatsoever, including without limitation any other litigation, patent prosecution or

9   acquisition, patent reexamination or reissue proceedings, or any business or

10   competitive purpose or function.  Protected Material shall not be distributed,

11   disclosed or made available to anyone except as expressly provided in this Order.

12   (b)   Patent Prosecution Bar.  Absent the written consent of the Producing

13   Party, any person on behalf of the Plaintiff who receives one or more items

14   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

15   "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a

16   Defendant shall not be involved, directly or indirectly, in any of the following

17   activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing,

18   and/or amending of patent applications, specifications, claims, and/or responses to

19   office actions, or otherwise affecting the scope of claims in patents or patent

20   applications relating to the functionality, operation, and design of (1) food or

21   beverage service, hotel reservation, restaurant reservation, or event ticketing

22   related software for use through the Internet and/or wireless devices, (2) operating

23   system or application software for use in wireless devices that allows

24   synchronization of data between a wireless device and a database and/or web

25   server, including without limitation the patents asserted in this action and any

26   patent or application claiming priority to or otherwise related to the patents

27   asserted in this action, before any foreign or domestic agency, including the

28

United States Patent and Trademark Office ("the Patent Office"), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of (1) food or beverage service, hotel reservation, restaurant reservation, or event ticketing related software for use through the Internet and/or wireless devices, (2) operating system or application software for use in wireless devices that allows synchronization of data between a wireless device and a database and/or web server. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination proceedings on behalf of a Party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)     Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this

**PROTECTIVE ORDER**                          **12cv2350 IEG BGS**

Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7.     DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)     Written Discovery and Documents and Tangible Things.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

/ / /

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff  (including contract attorneys or paralegals), and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –  ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party, and for which designation as "CONFIDENTIAL" is insufficient to adequately protect the information contained therein.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets,

pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business high sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff (including contract attorneys and paralegals), and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

**PROTECTIVE ORDER**                    **12cv2350 IEG BGS**

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

10. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)      The Court, jury, and court personnel;

(v)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)      Any other person with the prior written consent of the Producing Party.

/ / /

**PROTECTIVE ORDER**                    **12cv2350 IEG BGS**

## 11.   <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the San Diego, California, office of its outside counsel, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Defendant will be made available for inspection at the downtown San Diego, California, office of its outside counsel, DLA Piper LLP (US), or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)    Prior to the first inspection of any requested Source Code, other than any Source Code produced on the Patent Local Rule 3.4(a) deadline, the Receiving Party shall provide thirty (30) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide fourteen (14) days notice prior to any additional inspections, or such other amount of time as the parties may agree upon.

(c)    Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the

"Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  Apple will install at least the following on the source code review computer:  Mac OS X Snow Leopard, XCode 3.2.6, Acrobat Reader, Text Edit, BBEdit, Text Wrangler, iLife, iWork, Office 2008, and SlickEdit.  The Receiving Party's outside counsel and/or experts may request that additional, commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

1   ensure that no unauthorized electronic records of the Source Code and no

2   information concerning the Source Code are being created or transmitted in any

3   way.

4        (v)   No copies of all or any portion of the Source Code may leave

5   the room in which the Source Code is inspected except as otherwise provided

6   herein.  Further, no other written or electronic record of the Source Code is

7   permitted except as otherwise provided herein.  The Producing Party shall make

8   available a laser printer with commercially reasonable printing speeds for on-site

9   printing during inspection of the Source Code.  The Receiving Party may print

10  limited portions of the Source Code only when necessary to prepare court filings

11  or pleadings or other papers (including a testifying expert's expert report).  The

12  Receiving Party shall not print Source Code in order to review blocks of Source

13  Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source

14  Code electronically on the Source Code Computer, as the Parties acknowledge

15  and agree that the purpose of the protections herein would be frustrated by

16  printing portions of code for review and analysis elsewhere, and that printing is

17  permitted only when necessary to prepare court filings or pleadings or other

18  papers (including a testifying expert's expert report).  Upon printing any such

19  portions of Source Code, the printed pages shall be collected by the Producing

20  Party.  The Producing Party shall Bates number, copy, and label

21  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

22  CODE" any pages printed by the Receiving Party.  Within five (5) business days,

23  the Producing Party shall either (i) provide one copy set of such pages to the

24  Receiving Party or (ii) inform the Requesting Party that it objects that the printed

25  portions are excessive and/or not done for a permitted purpose.  If, after meeting

26  and conferring, the Producing Party and the Receiving Party cannot resolve the

27  objection, the Receiving Party shall be entitled to seek a Court resolution of

28

**PROTECTIVE ORDER**                        **12cv2350 IEG BGS**

whether the printed Source Code in question was printed for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

        (vi)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

        (vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

        (viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

**PROTECTIVE ORDER**           **12cv2350 IEG BGS**

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall keep a log of all paper copies of the source code.  The log should identify the name and location of recipients of paper copies of the source code.  In the unlikely event of a security breach (advertent or inadvertent), upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create

**PROTECTIVE ORDER**                                          **12cv2350 IEG BGS**

electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

/ / /

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

**12.**   **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years. Said written notice shall include an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of (1) food or beverage service, hotel reservation, restaurant reservation, or event ticketing related software for use through the Internet and/or wireless devices, (2) food or beverage, hotel reservation, restaurant reservation, or event ticketing service related point of sale (POS) software, or (3) food or beverage service, hotel reservation, restaurant reservation, event ticketing related reservation, or property management system (PMS) software, or relating to the acquisition of intellectual property assets relating to (1) food or beverage service, hotel reservation, restaurant reservation, or event ticketing related software for use through the Internet and/or wireless devices, (2) food or beverage, hotel reservation, restaurant reservation, or event ticketing service related point of sale (POS) software, or (3) food or beverage service, hotel reservation, restaurant reservation, event ticketing related reservation, or property management system (PMS) software.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the

**PROTECTIVE ORDER**                                            **12cv2350 IEG BGS**

Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of (1) food or beverage service, hotel reservation, restaurant reservation, or event ticketing related software for use through the Internet and/or wireless devices, (2) food or beverage, hotel reservation, restaurant reservation, or event ticketing service related point of sale (POS) software, or (3) food or beverage service, hotel reservation, restaurant reservation, event ticketing related reservation, or property management system (PMS) software, or the acquisition of intellectual property assets relating to (1) food or beverage service, hotel reservation, restaurant reservation, or event ticketing related software for use through the Internet and/or wireless devices, (2) food or beverage, hotel reservation, restaurant reservation, or event ticketing service related point of sale (POS) software, or (3) food or beverage service, hotel reservation, restaurant reservation, event ticketing related reservation, or property management system (PMS) software.

     (b)    Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party

**PROTECTIVE ORDER**                    **12cv2350 IEG BGS**

objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)    Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)    An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

**13.**   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The parties shall confer either in person, in writing, or by telephone in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

/ / /

### 14. <u>**SUBPOENAS OR COURT ORDERS**</u>

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 15. <u>**FILING PROTECTED MATERIAL**</u>

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized under Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

(c) No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

///

///

///

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

**16.**   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

**17.**   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall

**PROTECTIVE ORDER**                              **12cv2350 IEG BGS**

reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

///

///

**PROTECTIVE ORDER**                                    **12cv2350 IEG BGS**

**18.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**19.   FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not

document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

(c)     Not later than ninety (90) days after the Final Disposition of this case, the Court shall destroy all confidential or sealed documents, including material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE".  Any action by the Court must be preceded by an ex parte motion for an order authorizing the destruction of such confidential or sealed documents.

**20.   DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

**PROTECTIVE ORDER**                              **12cv2350 IEG BGS**

(e)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(g)     Nothing in Protective Order, including Paragraphs 20(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

### 21.   **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

28

**PROTECTIVE ORDER**                                        **12cv2350 IEG BGS**

(d)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Modification by Court.  This Order is subject to further court order based upon good cause, public policy or other considerations, and the Court may modify this Order at any time sua sponte in the interests of justice.  The United States District Court for the Southern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of California.

///
///
///
///
///
///
///
///
///
///
///

**PROTECTIVE ORDER**                              **12cv2350 IEG BGS**

(f)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders.

**SO ORDERED**.

Dated:  June 10, 2013

**Hon. Bernard G. Skomal**
United States Magistrate Judge

**PROTECTIVE ORDER**                          **12cv2350 IEG BGS**

# EXHIBIT A

I,_____ , acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Ameranth, Inc. v. Apple, Inc.*, United States District Court for the Southern District of California, Civil Action No. Case No. 12cv2350 IEG (BGS).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____

_____

Dated: _____

_____

[Signature]

**PROTECTIVE ORDER**                                      **12cv2350 IEG BGS**