# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: AMERANTH PATENT LITIGATION CASES, | CASE NOS. | |
|---|---|---|
| | 11cv1810 DMS (WVG) | 12cv1643 DMS (WVG) |
| | 12cv0729 DMS (WVG) | 12cv1644 DMS (WVG) |
| | 12cv0731 DMS (WVG) | 12cv1646 DMS (WVG) |
| | 12cv0732 DMS (WVG) | 12cv1648 DMS (WVG) |
| | 12cv0733 DMS (WVG) | 12cv1649 DMS (WVG) |
| | 12cv0737 DMS (WVG) | 12cv1650 DMS (WVG) |
| | 12cv0739 DMS (WVG) | 12cv1651 DMS (WVG) |
| | 12cv0742 DMS (WVG) | 12cv1652 DMS (WVG) |
| | 12cv0858 DMS (WVG) | 12cv1653 DMS (WVG) |
| | 12cv1627 DMS (WVG) | 12cv1654 DMS (WVG) |
| | 12cv1629 DMS (WVG) | 12cv1655 DMS (WVG) |
| | 12cv1630 DMS (WVG) | 12cv1656 DMS (WVG) |
| | 12cv1631 DMS (WVG) | 13cv0350 DMS (WVG) |
| | 12cv1633 DMS (WVG) | 13cv0352 DMS (WVG) |
| | 12cv1634 DMS (WVG) | 13cv0353 DMS (WVG) |
| | 12cv1636 DMS (WVG) | 13cv1072 DMS (WVG) |
| | 12cv1640 DMS (WVG) | 13cv1520 DMS (WVG) |
| | 12cv1642 DMS (WVG) | 13cv1525 DMS (WVG) |
| | 12cv2350 DMS (WVG) | 13cv1840 DMS (WVG) |

**ORDER FOLLOWING STATUS CONFERENCE**

On September 12, 2013, the Court held a telephonic status conference. Counsel's appearances were noted for the record. After consulting with counsel, and for good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff Ameranth, Inc. has filed forty patent infringement actions in this District alleging infringement of one or more of the following United States Patents: 6,384,850 ("the '850 Patent"), 6,871,325 ("the '325 Patent"), 8,146,077 ("the '077 Patent") and 6,982,733 ("the '733

Patent"). All of the cases have been low numbered to this District Judge and Magistrate Judge William Gallo pursuant to Civil Local Rule 40.1(d). The Court finds these cases will be managed most efficiently by coordinating them for purposes of initial infringement and invalidity contentions and claim construction. Therefore, these cases are deemed coordinated for discovery and claim construction purposes. Except as stated below, the parties shall follow the Federal Rules of Civil Procedure, Civil Local Rules and Patent Local Rules of this District, and the Civil Pretrial & Trial Procedures of this Court.

2. The "lead," "master" or "main" case in these coordinated cases will continue to be 11cv1810. Documents relating to all actions should be filed in the lead case, and should be captioned "In Re: Ameranth Patent Litigation." Documents affecting a single case should be filed in that case only. Documents relating to more than one, but less than all, of the associated cases should be filed in each affected case.

3. Pursuant to their representation at the status conference, Defendants shall file their petition with the United States Patent and Trademark Office for Covered Business Method review of the patents-in-suit on or before **October 15, 2013**. If Defendants proceed with that filing and wish to file a motion to stay some or all of the coordinated cases pending a decision on that petition, they shall file that motion within one week of filing their petition with the PTO. Defendants should file an omnibus motion to stay that complies with the page limits set out in the Civil Local Rules. To the extent necessary, Defendants may file separate motions not to exceed five pages each.

4. In an effort to resolve the motions pending at Docket Nos. 450 and 455, the Court will allow supplemental briefing from those Defendants that have not yet had an opportunity to be heard on these issues. Each of those Defendants may file a supplemental brief of no more than five (5) pages. Those briefs shall be filed on or before **September 20, 2013**. Plaintiff may file a responsive brief of no more than ten (10) pages, which shall be filed on or before **September 27, 2013**. After these motions are resolved, the Court will issue a further order regarding production of source code, amended infringement contentions, invalidity contentions and all other claim construction related dates.

///

5. All Defendants who have yet to file their responses to the complaints, including those Defendants that currently have motions to dismiss on file, shall file answers to the complaints.[1] To the extent any Defendants desire to file motions based on failure to state a claim for direct or indirect infringement, Defendants may raise this issue in a motion under Federal Rule of Civil Procedure 12(c). Those motions shall be filed within seven (7) calendar days after the service of infringement contentions by Plaintiff, if any Defendant believes the contentions fail to demonstrate a plausible claim of infringement, direct or indirect. To the extent any Defendants intend to seek dismissal for failure to state a claim for willful infringement, they may not present the issue in a Rule 12(b)(6) motion, but may present it in a Rule 12(c) or 56 motion after the claim construction ruling. The answers shall be filed on or before **September 27, 2013**.

6. Plaintiff shall file an amended complaint against Domino's Pizza, LLC in Case Number 12cv0733 that includes its claims from Case Numbers 11cv1810 and 13cv1520. Plaintiff shall also file an amended complaint against Fandango, Inc. in Case Number 12cv1651 that includes its claims from Case Number 13cv1525. Plaintiff shall also file an amended complaint against OpenTable in Case Number 12cv0731 that includes its claims from Case Numbers 11cv1810 and 13cv1840. Those amended complaints shall be filed on or before **September 20, 2013**. Plaintiff shall thereafter dismiss Case Numbers 13cv1520, 13cv1525 and 13cv1840. In light of this procedure, no further briefing on the pending motions to consolidate in Case Numbers 13cv1520 and 13cv1525 is necessary.

7. Discovery shall be phased. Pending the claim construction hearing, discovery shall be limited to claim construction issues.

8. To the extent they have not yet done so, no later than **November 1, 2013**, the parties shall comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1). The

///

///

///

---

[1] In those cases in which there is a pending motion to dismiss the complaint or any portion thereof, the Court requests Defendants withdraw those motions and refile them according to this Order. In the event the motions are not withdrawn, the Court will deny the motions without prejudice to their refiling in accordance with this Order.

parties may stipulate to limit the scope of disclosures to issues relevant to claim construction and defer remaining disclosures until after the issuance of the claim construction order.

**IT IS SO ORDERED.**

DATED: September 13, 2013

HON. DANA M. SABRAW
United States District Judge